# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET SYLVE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14538** |
| **K-BELLE CONSULTANTS, LLC** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant K-Belle Consultants, LLC's Motion for More Definite Statement. R. Doc. 5. The motion has not been opposed by Plaintiffs by the mandated filing deadline. Accordingly, the Court now rules as follows.

**I.    BACKGROUND**

On July 17, 2019, Plaintiffs Janet Sylve, Emmet Sylve, Elliot Sylve and Michael Sylve (collectively, "Plaintiffs") sued K-Belle Consultants, LLC ("K-Belle") in Civil District Court for the Parish of Orleans. R. Doc. 1-1 at 2. In their Petition for Damages, Plaintiffs seek to recover for alleged damages "arising out of the actions, omissions and/or undertakings of Defendant in the vicinity of the areas of West Pointe-a-la-Hache to Magnolia in Plaquemines Parish." R. Doc. 1-1 at 2. The Petition states that Plaintiffs are "residents of the Parish of Plaquemines" who are filing the lawsuit in their individual capacities and as proposed representatives of a class of people similarly situated. R. Doc. 1-1 at 2. Plaintiffs allege their damages include, but are not limited to the following: destruction of property, loss of use and loss of enjoyment of property, personal injury, prevention of ingress and egress, emotional distress, diminution of property value, and any other damage and/or injuries that may be proven at trial. R. Doc. 1-1 at 2–3. Plaintiffs also seek certification to proceed as a class action. R. Doc. 1-1 at 3.

1

Although Plaintiffs fail to specify what events led to them filing this lawsuit, K-Belle contends that it arises out of a hurricane risk reduction program undertaken by the U.S. Army Corps of Engineers ("USACE") for which K-Belle served as a construction contractor. R. Doc. 5-1 at 2. Specifically, K-Belle states it was hired in August 2016 to furnish labor, materials, equipment, and services to the USACE to build a new floodwall and levee system in Plaquemines Parish. R. Doc. 5-1 at 2. Subsequently, in July 2019, Hurricane Barry made landfall in Plaquemines Parish and K-Belle believes that Plaintiffs likely seek damages relating to a floodwall breach resulting from Hurricane Barry. R. Doc. 5-1. However, Plaintiffs' Petition does not state these facts, so K-Belle cannot be certain that this is the reason the lawsuit was filed.

## II. PRESENT MOTION

K-Belle moves for the Court to order Plaintiffs to provide a more definite statement of their claims and the basis for their claims so that K-Belle can properly respond to the allegations. R. Doc. 5-1 at 2–3. K-Belle contends that Plaintiffs' Petition is "so incomplete and so vague" that it cannot reasonably respond to the allegations contained in the Petition. R. Doc. 5-1 at 4. Specifically, K-Belle contends that the Petition fails to identify what acts or omissions of K-Belle allegedly occurred and why Plaintiffs are entitled to relief from K-Belle. R. Doc. 5-1 at 4. Moreover, K-Belle argues that Plaintiffs fail to sufficiently allege specific damages, as Plaintiffs do not identify the type of property or injury that occurred and do not identify how the proposed class shares questions of law or fact common to each other. R. Doc. 5-1 at 4. K-Belle thus requests that Plaintiffs be ordered to correct the deficiencies of the Petition and explain the "who, what, when, where, why and how of their alleged claims." R. Doc. 5-1 at 5.

Plaintiffs have not timely filed an opposition to this motion.

## III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(e) provides, in relevant part, that: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice." *Arceneaux v. Blanchard Contractors*, No. CIV.A. 13-4841, 2013 WL 5329898, at *2 (E.D. La. Sept. 20, 2013) (citing *Dubuque Barge & Fleeting Serv., Inc., v. Plaquemines Parish Gov.,* No. 10–0516, 2010 WL 1710372, at *2 (E.D. La. April 23, 2010); *Blum v. Roberts*, No. 06–2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006)). "Although Rule 12(e) motions are available as a remedy, motions for more definite statements are generally disfavored because 'of the liberal pleading standard set forth in Rule 8.'" *Id.* at *1 (citing *Cousin v. Small,* No. 00–0069, 2000 WL 1100384, at *1 (E.D. La. Aug. 4, 2000)).

Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Pursuant to Rule 8, a pleading must give a defendant fair notice of the claim and the grounds upon which the claim rests. *Arceneaux*, 2013 WL 5329898, at *1 (citing *Dubuque Barge & Fleeting Serv.,* 2010 WL 1710372, at *2); *see also General Star Indem. Co. v. Vesta Fire Ins. Co.,* 173 F.3d 946, 950 (5th Cir. 1999) ("Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist."). Although a complaint does not need to include detailed factual allegations, it

requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In the present case, Plaintiffs' Petition for Damages does not give K-Belle adequate notice of the injuries and damages allegedly sustained, nor does it provide enough information about K-Belle's acts or omissions that allegedly caused the injuries and damages. Plaintiffs' complaint requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 444. Plaintiffs should thus provide a more definite statement of their claims against K-Belle by "briefly explain[ing] [the] who, what, when, where, why, and how" of K-Belle's wrongdoings, and how these alleged wrongdoings resulted in Plaintiffs' injuries and damages. *See Arceneaux*, 2013 WL 5329898, at *2; *Bitte v. United Cos. Lending Corp.,* No. 06–5648, 2006 WL 3692754, at *1 (E.D. La. Dec. 11, 2006).

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for a More Definite Statement, R. Doc. 5, is **GRANTED**. Plaintiffs have fourteen days to amend their Complaint to provide a more definite statement.

New Orleans, Louisiana, on this 6th day of January, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE

4