UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANET SYLVE ET AL | CIVIL ACTION 2:19-cv-14538 |
| VERSUS | JUDGE FALLON |
| K-BELLE CONSULTANTS LLC ET AL | MAG.JUDGE WILKINSON |

*************************************************************************

**AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF**

NOW INTO COURT appears Janet Sylve, Emmett Sylve, Elliot Sylve and Michael Sylve in the capacity of plaintiffs, represented by undersigned counsel, filing this Amended Complaint, seeking relief in the following respects:

1.

The plaintiff reallege and reurge each and every allegation of their original Petition as if set out here in full. A copy of the original Petition is annexed hereto as Exhibit A.

2.

Plaintiffs are all residents and owners of property in the Parish of Plaquemines, are filing in their individual capacities and as representative of a proposed Class of all others similarly situated with respect to claims for damages sustained by Plaintiffs and others similarly situated as a result of the events set out hereafter in the Amended Complaint, in any subsequent amending and supplemental pleadings, and from information subsequently determined and/or revealed.

3.

Plaintiffs were residents of Plaquemines Parish on or about July 13, 2019, and were and are owners of property which was located in Plaquemines Parish on or about July 13, 2019, all in the vicinity of the community known as West Pointe-a-La-Hache, Louisiana.

4.

Named defendants are tortfeasors K-Belle Consultants LLC and Cycle Construction Company, LLC, the insurers of tortfeasors K-Belle Consultants LLC and Cycle Construction Company, LLC, as may be found in discovery, and unknown parties defendant as may be subsequently determined and/or revealed.

Hereafter, Tortfeasors K-Belle Consultants LLC and Cycle Construction Company, LLC are referred to as Tortfeasor Defendants.

5.

Tortfeasor Defendants, upon information and belief, are entities authorized to do and doing business and licensed to do business in the state of Louisiana and within the jurisdiction of this Honorable Court.

6.

A.

At times relevant to these proceedings Tortfeasor Defendant K-Belle Consultants LLC was, according to the public records of the state of Louisiana, engaged in the contracting vocation and was a contractor licensed by the Louisiana State Licensing Board for Contractors.

B.

At times relevant to these proceedings Tortfeasor Defendant Cycle Construction Company, LLC was, according to the public records of the state of Louisiana, engaged in the contracting vocation and was a contractor licensed by the Louisiana State Licensing Board for Contractors.

C.

In order to be licensed, the Tortfeasor Defendants are required to protect the health, safety, and general welfare of the public with respect to persons engaged in the contracting vocation.

D.

At all times relevant to these proceedings, the relevant personnel of Tortfeasor Defendant K-Belle Consultants LLC represented licensure as engineers under Louisiana law and held out and represented individual competency, ability and experience in such regulated profession.

E.

The practice of engineering involves responsible professional service which may include consultation, investigation, evaluation, planning, designing, or inspection of construction in connection with any public or private utilities, structures, machines, equipment, processes, works, or projects wherein the public welfare or the safeguarding of life, health, and property is concerned or involved, such professional service requiring the application of engineering principles and the interpretation of engineering data.

7.

A.

Based upon admissions of Tortfeasor Defendant K-Belle Consultants LLC in these proceedings (Doc 1, ¶ 4), Tortfeasor Defendant K-Belle Consultants LLC entered into a contract with the United States Army Corps of Engineers to undertake construction of a public work in the vicinity of West Pointe-a-la-Hache, Louisiana.

B.

Tortfeasor Defendant K-Belle Consultants LLC further admits the contract identifier is W912P8-16-0051. (Doc 1, ¶ 4).

C.

Based upon information and belief and reasonable inference from the foregoing facts in the public record, K-Belle was undertaking the public work on or about July 13, 2019 and doing so by utilizing independent skills, information and experience generally attributable and expected of those engaged in a regulated occupation and profession and expected to do so with the obligation to protect the health, safety, and general welfare of the public in the undertaking of the public work.

8.

A.

Although it was Tortfeasor Defendant K-Belle Consultants LLC which had entered into the aforementioned contract with the United States Army Corps of Engineers, thereafter, according to admissions by Defendant Tortfeasor K-Belle Consultants LLC in these proceedings (Doc 1. ¶ 5), "K-Belle entered into a subcontract with Cycle Construction Company, LLC" to also carry out the construction of the public

work in accordance with the contract entered into by Defendant Tortfeasor K-Belle Consultants LLC.

B.

Based on information and belief including the public record and reasonable inference from the facts in the public record, including admissions of Defendant Tortfeasor K-Belle Consultants LLC in these proceedings, Defendant Tortfeasor Cycle Construction Company LLC was undertaking the public work on or about July 13, 2019 in concert and/or collusion with others.

9.

Based on information and belief, including public records, Defendant Tortfeasor K-Belle Consultants LLC was obligated by contract to independently draft and to ultimately independently carry out a disaster preparation plan in connection with the undertaking of the public work, presumptively utilizing independent skills, information and experience generally attributable and expected of those engaged in regulated occupations and professions of contracting and engineering and expected to do so with the obligation to protect the health, safety, and general welfare of the public in the undertaking of a public work.

10.

Based on information and belief, including public records, Defendant Tortfeasor Cycle Construction LLC was obligated to carry out or act in concert or collusion with others the aforementioned disaster preparation plan in connection with the undertaking of the public work, presumptively utilizing independent skills, information and experience generally attributable and expected of those engaged in a regulated occupation and

profession of contracting and expected to do so with the obligation to protect the health, safety, and general welfare of the public in the undertaking of a public work.

11.

In the undertaking of the aforementioned public work in the vicinity of West Pointe-a-la-Hache, Louisiana, either or both Defendant Tortfeasors had caused the construction of a ground-level gap in the public work, or by omission left a ground level gap in the public work, or otherwise failed to ensure that the public work did not contain a ground-level gap.

12.

As a result of the ground level gap in the public work, water flowed through and toward and upon the property of the Plaintiffs on or about July 13, 2019.

13.

A.

Tortfeasor Defendants additionally have admitted that no guard or watch was carried out at the public works on or about July 13, 2019 and accordingly did not carry out any act to remedy or alleviate the flow of water through the ground-level gap in the public work and toward and upon the property of the Plaintiffs on or about July 13, 2019.

B.

In affidavits filed with this court, representatives of Tortfeasors Defendants admitted knowledge of the flooding through the ground-level gaps only when informed by the U.S. Army Corps of Engineers.

14.

The water which flowed through the ground-level gap in the public work carried into and over the property of the plaintiffs and damaged such property by reason of immersion in part or in whole, such property including:

A. Tangible movables

B. Tangible immovables

15.

In addition to the direct damage occasioned by the flow of water through the ground level gap in the pubic work undertaking by the Tortfeasor Defendants, Plaintiffs also suffered the following losses:

loss of use of such property;

diminution of value of such property;

costs of purchase of replacement property, including acquisition charges,

costs of repair of such property; and

costs of remediation of any such property, in particular, short-term and long-term effects of immersion by water with contaminants, together with any costs of testing same for the presence of contaminants, mold and mildew and such other effects of immersion by water.

16.

Plaintiffs are also entitled to damages for emotional distress and any personal bodily injuries, or aggravation of pre-existing injuries which may have resulted from the immersion of the foregoing property, any collateral health effects on the Plaintiffs arising

out of contact with property immersed under water, and any inability to travel to and from the Plaintiffs' property due to immersion by the water which flowed through the ground-level gap in the public work.

17.

Tortfeasor Defendants, together with insurers, are duly indebted and obligated to compensate the Plaintiffs and to members of the putative Proposed Class for the foregoing recited damages arising out of the actions, omissions and/or undertakings of Tortfeasor Defendants.

18.

Tortfeasor Defendants are liable to Plaintiffs and the Proposed Class for all damages under law including but not limited to, Louisiana C.C. Articles 2315, 2316, 2317, 2317.1, 2320, 2322 and *res ipsa loquitur*.

19.

The number of persons who are members of the Proposed Class are reasonably determinable and expected to number over several hundreds, such that joinder of all putative class members in one proceeding would be impracticable.

20.

This cause is maintainable as a class action because:

A. One or more members of the Proposed Class may sue as representative parties on behalf of all;

B. The Proposed Class is so numerous that joinder of all members is impracticable;

    C.      By virtue of the facts that all of the persons, things, and interests located in the area of the west bank of Plaquemines Parish below West Pointe-a-la-Hache were affected by the acts, undertakings and/or omissions of Tortfeasor Defendants, and thus are similarly situated;

    D.      There are questions of law and/or facts common to the Proposed Class; and

    E.      Claims of the representative parties are typical of the claims of the Proposed Class.

21.

The questions of law and fact common to the named Plaintiff, the Proposed Class or to subdivisions of the Proposed Class include but are not limited to:

    A.      Whether the damages were caused by actions, omissions or undertakings of Tortfeasor Defendants; and

    B.      Such other law and facts established through discovery.

22.

The claims of the named Plaintiffs are typical of the claims of the Proposed Class.

23.

The named Plaintiffs and all such other representative parties as may be added into these proceedings will fairly and adequately protect the interests of the Proposed Class because:

    A.      Named Plaintiffs are free of any interest antagonistic to the Proposed Class members; and

B. Named Plaintiffs will actively participate in the litigation to ensure that the interests of the Proposed Class members are protected from abuse.

24.

The Proposed Class may be defined objectively using readily ascertainable boundaries, thus satisfying the requirements of class action proceeding by giving notice to all potential members of the Proposed Class and to Tortfesasor Defendants as the case may be.

25.

This cause is proper for certification due to the fact that damages and injuries arising out of the actions, undertakings and/or omissions of Tortfeasor Defendants were suffered by the Proposed Class thereby making equitable relief, including injunctive relief, and/or declaratory relief appropriate with respect to the Proposed Class as a whole.

26.

The Court will find that questions or law or fact common to the members of the Proposed Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, and matters pertinent to that finding include:

A. The interests of the Proposed Class predominate over any individual controlling the prosecution of separate actions;

B. The difficulties likely to be encountered in the management of numerous individual actions and resulting strain on judicial resources;

C. The impracticality of individual class members pursuing their claims without class certification; and

D.      The extent to which relief plausibly demanded on behalf of the Proposed Class, including vindication of public policies and legal rights as may be implicated, justifies the lesser costs and burdens of class litigation in contrast to the greater costs of individual litigation.

27.

Plaintiffs pray for a trial by jury on all issues herein .

WHEREFORE Plaintiffs pray that this Amended Complaint be deemed good and sufficient and, after all legal delays and due proceedings had:

(1) There be the certification of this action as a class action;

(2) That in due course, this action proceed as a class action pursuant to law and Tortfeasor Defendants and their insurers, and such other tortfeasor defendants as may be discovered be duly cited to appear to answer, or upon failure to answer, to be subject to default; and that after all due proceedings are had there be judgment in favor of Plaintiffs and the Proposed Class, and against Tortfeasor Defendants, their insurers and such other defendants as may be discovered, finding Tortfeasor Defendants and all other defendants liable jointly, severally and/or *in solido* for the injuries, damages and losses sustained by the Plaintiffs and the Proposed Class, together with legal interest as allowed by law, reasonable attorneys' fees and all costs of these proceedings;

(3)     For a trial by jury on all issues herein; and

(4)     Such other relief as the law and equity may provide.

**RESPECTFULLY SUBMITTED:**

 s/ Patrick J. Eskew
LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
PATRICK J. ESKEW (33815)
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, Louisiana 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380

Melvin J. Burmaster, Louisiana Bar 19508
Amos Cormier, Louisiana Bar 26618
Amos Cormier Attorney at Law, L.L.C.
P.O. Box 7280
Belle Chasse, LA 70037
(504) 343-2667

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 17th day of January, 2020, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record that have elected e-notification by operation of the court's electronic filing system. I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

   s/ Patrick J. Eskew