# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYLVE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14538** |
| **K-BELLE CONSULTANTS, LLC** | **SECTION "L" (2)** |

## ORDER AND REASONS

Before the Court are Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 65, and Defendants' Motion for Summary Judgment, R. Doc. 71. Defendants filed an opposition to Plaintiffs' motion, R. Doc. 73, and Plaintiffs filed an opposition too Defendants' motion, R. Doc. 74, to which Defendants filed a reply, R. Doc. 79. The Court heard oral argument on these motions on December 1, 2021. Having considered the briefing, the parties' oral arguments, and the applicable law, the Court now rules as follows.

### I.    BACKGROUND

Plaintiffs Janet Sylve, Emmett Sylve, Elliott Sylve, Michael Sylve (collectively, "Plaintiffs") brought this property damage lawsuit against K-Belle Consultants, LLC ("K-Belle") and Cycle Construction Company, LLC ("Cycle) (collectively, "Defendants") in the Civil District Court of the Parish of Orleans individually and as representatives of a proposed class. R. Doc. 1 at 1. Plaintiffs later abandoned the proposed class and proceeded as individuals. R. Doc. 40. K-Belle removed the case to this Court under 28 U.S.C. § 1442(a)(1) based on K-Belle's claim that it was acting under an officer of the United States due to its contract with the United States Army Corp of Engineers ("USACE"). *Id.*

Plaintiffs seek to recover for alleged property damage caused by levee improvement work in and around West Pointe-a-la-Hache in Plaquemines Parish, Louisiana. *Id.* at 6. Plaintiffs

1

allege their property was damaged by a floodwall breach following Hurricane Barry's landfall on July 13, 2019 and that the breach was caused by the levee construction project. *Id.* Plaintiffs seek damages for (1) destruction of property; (2) loss of use and loss of enjoyment of property; (3) personal injury; (4) prevention of ingress and egress; (5) emotional distress; and (6) diminution of property value. R. Doc. 9 at 7-8. In an amended complaint filed on January 17, 2020, Plaintiffs further allege emotional distress and personal bodily injuries, or aggravation of pre-existing injuries, due to the immersion of their property under water and their resulting inability to travel. R. Doc. 1-1 at 8.

In its Notice of Removal, K-Belle alleges that in August 2016, the USACE awarded K-Belle a contract to construct a new floodwall and levee system in West Pointe-a-la-Hache. R. Doc. 1 at 2. K-Belle alleges that on September 15, 2016, K-Belle entered a subcontract with Cycle. *Id.* at 3. K-Belle avers it submitted contract plans, designs, and specifications for the USACE's approval and could not commence work until it received the USACE's approval. *Id.* at 5. K-Belle further avers that the USACE approved specific temporary flood protection measures on July 10, 2019. R. Doc. 1-4 at 3. K-Belle claims that, prior to Hurricane Barry's landfall, it had installed temporary flood protection measures based on the USACE's approval of those specifications. *Id.* K-Belle admits that Hurricane Barry caused a breach of an emergency gap closure in the project's floodwall on or around July 13, 2019. *Id.*

In its Answer, K-Belle denies Plaintiffs' allegations and asserts the following defenses, among others: (1) Plaintiffs' amended complaint fails to state a claim upon which relief can be granted; (2) K-Belle, by acting as a contractor under an officer of the United States, is entitled to government contractor immunity; (3) the work performed complied with all applicable professional standards and professional care customarily employed in the field; (4) K-Belle

complied with all federal, state, and local laws, codes, regulations, ordinances and industry practices and standards; (5) any damages suffered by Plaintiffs arose from actions and negligence of persons for whom K-Belle is not liable; and (6) the alleged damages were the result of an act of God or force majeure for which K-Belle is not responsible. R. Doc. 14.

Cycle likewise denies Plaintiff's allegations and asserts the following defenses, among others: (1) Cycle was acting as a contractor of the USACE and is entitled to government contractor immunity; (2) Cycle complied with the USACE's reasonably precise directions and specifications; (3) Cycle acted with reasonable care under the circumstances, and (4) none of Cycle's acts was a proximate, contributing or substantial cause of Plaintiffs' alleged damages. R. Doc. 19.

The USACE was joined as a party on September 4, 2020 when the Court granted K-Belle and Cycle's motion for joinder. R. Doc. 30. The Court held that the USACE was a required party under Rule 19(a) of the Federal Rules of Civil Procedure because the USACE's participation in discovery was necessary given that K-Belle undertook the project that forms the basis of Plaintiffs' claims under a contract with the USACE. *Id.*

On March 18, 2021, the USACE filed an Answer to Plaintiffs' Amended Complaint. R. Doc. 54. The USACE asserts affirmative defenses including: (1) the USACE is immune from liability under the Flood Control Act of 1928, 33 U.S.C. § 702(c); (2) the Court lacks subject-matter jurisdiction over this lawsuit because its only possible basis is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, but the actions complained of were not by a federal employee as the FTCA requires; (3) the Court lacks subject-matter jurisdiction because Plaintiffs failed to comply with the FTCA's requirement of administrative claims exhaustion; (4) Plaintiffs fail to state a tort claim against the USACE; (5) the actions complained of are protected by statutory immunity under 28 U.S.C. § 2680(a) as exercises of discretionary function; (6) the USACE may not directly be

3

named as a defendant because Congress has not authorized it to be sued; (7) the USACE has incorrectly been added as an indispensable party; (8) no action or omission by the USACE was a proximate cause of Plaintiffs' injuries; and (9) the alleged flooding incident was caused by private independent contractors who owe the USACE indemnification for any losses due to their actions. *Id.* at 1-2.

## II.   PENDING MOTIONS

### a.   *Plaintiffs' Motion for Partial Summary Judgment*

Plaintiffs seek summary judgment on the issue of government contractor immunity, arguing that Defendants K-Belle and Cycle cannot claim this defense because the relevant contract with the USACE assigned to Defendants all responsibility and liability for the temporary flood protections at issue. R. Doc. 65.

### b.   *Defendants' Motion for Summary Judgment*

Defendants K-Belle and Cycle seek summary judgment on all of Plaintiffs' claims, arguing that Defendants are entitled to government contractor immunity because they executed the project according to the USACE's specifications. R. Doc. 71. Defendants further argue that Plaintiffs have not produced evidence of damages caused by the floodwall breach, and thus have failed to prove a required element of their negligence claim. *Id.*

## III.   APPLICABLE LAW

### a.   *Summary Judgment Standard*

Summary judgment is proper if the pleadings and the evidence gathered in discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

"A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). However, "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence" are not sufficient to show a genuine dispute of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### b. *Government Contractor Immunity*

Government contractor immunity is "derivative sovereign immunity" that "shields contractors whose work was 'authorized and directed by the Government of the United States' and 'performed pursuant to [an] Act of Congress.'" *Taylor Energy Co., L.L.C. v. Luttrell*, 3 F.4th 172, 175 (5th Cir. 2021) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160, 167 (2016)). A party claiming government contractor immunity must satisfy a three-prong test: "(1)

the United States approved reasonably precise specifications; (2) the [project] conformed to those specifications; and (3) the [contractor] warned the United States about the dangers [in the project] that were known to the [contractor] but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988).

The first prong has two parts: "reasonably precise specifications" and "government approval." *Sewell v. Sewerage & Water Bd. of New Orleans*, No. CV 15-3117, 2016 WL 7385701, at *3 (E.D. La. Dec. 21, 2016), *aff'd*, 697 F. App'x 288 (5th Cir. 2017). "The requirement that the specifications be precise means that the discretion over significant details and all critical design choices will be exercised by the government." *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1481 (5th Cir. 1989). Moreover, "'approval' under the *Boyle* defense requires more than a rubber stamp . . . [it] must constitute a discretionary function." *Id.* at 1480. The "approval" requirement is only satisfied if the government conducted "substantive review and evaluation of the contractor's design choices" and is not necessarily satisfied only because "the government retained the right to reject the design at any stage of the design process." *Stout v. Borg-Warner Corp.*, 933 F.2d 331, 336 (5th Cir. 1991) (quoting *Trevino*, 865 F.2d at 1486).

## IV.    DISCUSSION

### a.    *Plaintiffs' Motion for Partial Summary Judgment*

Plaintiffs seek summary judgment on the issue of government contractor immunity, arguing that Defendants cannot prove they are entitled to immunity because the contract between K-Belle and the USACE assigned K-Belle all responsibility for the temporary flood protections at issue. R. Doc. 65-1 at 4-5. Plaintiffs also argue that the USACE did not approve reasonably precise specifications for the temporary flood protections, as this defense requires. However, for the reasons explained below, the Court disagrees with Plaintiffs' arguments.

### b. *Defendants' Motion for Summary Judgment*

Defendants argue they are entitled to government contractor immunity because they performed their work on the temporary flood protections pursuant to specifications the USACE approved. R. Doc. 71. Defendants assert that the contract between K-Belle and the USACE required the temporary flood protections and emergency gap closures to be reviewed and approved by the USACE, and that the USACE did review and approve them. R. Doc. 71-1 at 1. Defendants further argue that the USACE prepared certain specifications for the temporary flood protections and required Defendants to adhere to them, and that Defendants could not begin work until they received the USACE's approval. *Id.* at 3-4, 6-7. Moreover, Defendants allege that the USACE reviewed the project site as the hurricane approached and confirmed that Defendants had installed the measures the USACE required. *Id.* at 7-8. Thus, Defendants argue they have satisfied the requirements for government contractor immunity because the USACE approved reasonably precise specifications after meaningful review; the work conformed to those specifications because the USACE maintained oversight of the project and inspected it to ensure compliance; and Defendants did not fail to warn the USACE of any dangers of which the USACE was unaware, given the USACE's experience with flood protection and awareness that a hurricane was coming. *Id.* at 18-22.

In opposition, Plaintiffs again argue that the contract between K-Belle and the USACE made K-Belle responsible for the design and construction of the temporary flood protections. R. Doc. 74 at 3, 7-8. Plaintiffs also argue that the testimony of the USACE's representative suggests that the USACE's approval of the temporary flood protections was only a "rubber stamp" without substantive review. *Id.* at 8-9. Thus, Plaintiffs argue, there are genuine disputes of material fact regarding government contractor immunity.

The Court finds that Defendants are entitled to government contractor immunity. Defendants have established the three requirements laid out in *Boyle*. 487 U.S. at 512. First, the USACE approved reasonably precise specifications for the temporary flood protections (regardless of the language in the contract that assigned responsibility for these protections to K-Belle). The plans that Defendants submitted to the USACE were reasonably precise because they contained detailed designs, including drawings with dimensions and materials for the project at issue. R. Doc. 71-1 at 17. The USACE meaningfully reviewed and approved those specifications, rather than merely "rubber stamping" them, because its Engineering Division engaged in a "continuous back and forth" with Defendants, who were prohibited from starting each step of the work until receiving the USACE's approval. *Id.*

Second, the work conformed to the approved specifications. The USACE maintained oversight of the project and inspected and approved the temporary flood protections shortly before the hurricane. *Id.* at 20-21. Given the level of supervision the USACE maintained over Defendants' work, the USACE could have informed Defendants if the temporary flood protections did not conform to the USACE's preferences, but there is no indication that the USACE did so.

Third, Defendants did not fail to warn the USACE of any dangers of which the USACE was unaware. The USACE knew that a hurricane was approaching and inspected the emergency flood protection measures, the design of which it had approved, in preparation for the hurricane. *Id.* at 22. Moreover, as Defendants point out, the USACE has significant experience with flood protection measures and was presumably aware of the dangers the hurricane posed. *Id.*

Thus, Defendants have established that the temporary flood protections at issue were constructed under the USACE's supervision, entitling Defendants to government contractor

immunity. Because the Court finds that Defendants are entitled to government contractor immunity, which disposes of Plaintiffs' claims against Defendants, it is unnecessary to address Defendants' argument that Plaintiffs have not proved any damages.

## V.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 65, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 71, is **GRANTED**.

New Orleans, Louisiana, this 23rd day of December, 2021.

UNITED STATES DISTRICT JUDGE